UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20662-CV-KING

RIVERA DE CHAVON DEVELOPMENT
GROUP SRL, a Corporation of the Dominican
Republic,

    Plaintiff,

v.

MICHAEL DIAZ, JR.,
DIAZ, REUS & TARG, LLP, CANYON
ACQUISITIONS, LLC,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss (DE #32), filed on August 26, 2011. The Court is fully briefed in this matter.[1]

After careful consideration and for the reasons set forth below, the Court determines that the Defendants' Motion to Dismiss should be granted.

### I. Facts

The following facts are taken from Plaintiff's Amended Complaint. (DE #13). Plaintiff Rivera de Chavon Development Group ("Rivera Development Group") is a corporation under the laws of the Dominican Republic. (Am. Compl., DE #13, ¶2).

---

[1] Plaintiff filed a Response (DE #39) on September 26, 2011, to which Defendants replied (DE #42) on October 4, 2011.

1

Through its shareholders, Plaintiff voted and obtained the right to sell, transfer or convey title to the land "Proyecto Rivera De Chavon" ("the Property") in the Dominican Republic. *Id.* at ¶12. Between November and December 2009, Fernando Alvarez, the Plaintiff's majority shareholder, was authorized to negotiate any sale of the property. *Id.* at ¶14. Attorneys for Brent Borland ("Borland"), a Defendant who has been dismissed by the Plaintiff, attended the shareholder meetings, while Mr. Borland did not. *Id.* at ¶13.

In January 2010, Plaintiff entered into a purchase and sales agreement for the Property with James Michael Brako ("Brako"), the trustee of Kings IX #091464 Land Trust Agreement. *Id.* at ¶15. Thereafter, on or about February 10, 2010, Defendants served Brako with a letter advising that if he purchased the Property full "redress against" him would ensue. *Id.* at ¶16. Defendants also served Brako with a second letter in March 2010 advising that any attempt to purchase, transfer, convey title, and/or encumbrance of any kind, is unlawful and fraudulent, and Brako would be held legally accountable. *Id.* at ¶17. Defendants then began legal proceedings in the Dominican Republic against Plaintiff regarding the ownership of the Property that Plaintiff attempted to sell to Brako. *Id.* at ¶18. Plaintiff alleges Defendants, "begain [sic] instituting frivolous actions in the Dominican Republic against Plaintiff . . . solely to provide Mr. Brako with a document that would misrepresent that Defendants at some point would be the rightful 'owners' of the land." *Id.*

In reliance upon Defendants' alleged misrepresentations, Brako breached the contract and refused to purchase the Property. *Id.* at ¶19. Plaintiff alleges that Defendants tortiously interfered with Plaintiff's relationship with Brako "by making false, fraudulent

2

misrpesentations to [Brako] regarding ownership of the property and by filing frivolous law suits in the Dominican Republic to hold up any sales of the property." *Id.* at ¶40.

On February 25, 2011, Plaintiff filed suit before this Court. (DE #1). Plaintiff amended the Complaint on April 22, 2011. (DE #13). On August 26, 2011, Defendants filed the Motion to Dismiss (DE #32), which is now before the Court. The Amended Complaint was initially a two-count complaint. However, Plaintiff filed a Notice of Voluntary Dismissal of Count I (DE #38) on September 16, 2011. Thus, the only claim remaining before the Court is Count II: Tortious Interference with Contractual Relationships and Business Relationships.

## II.   Legal Standard

For the purposes of a motion to dismiss, the factual allegations and inferences in the Plaintiff's Complaint must be accepted as true and construed in the light most favorable to the Plaintiff. *Young Apartments, Inc. v. Town of Jupiter*, 539 F.3d 1027, 1037 (11th Cir. 2008). A motion to dismiss does not test the merits of a case, but only requires that "the plaintiff's factual allegations, when assumed to be true, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, courts determining the sufficiency of a complaint engage in a two-pronged analysis: "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their

3

veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1950). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570.

## III. Discussion

Defendants move to dismiss for either or both of the following reasons: (1) the doctrine of international comity favors abstention; (2) Plaintiff has failed to state a claim upon which relief can be granted. The Court will first address the issue of abstention in deference to the parallel proceedings in the Dominican Republic.

### A. Abstention

Defendants argue that the Court should abstain from interfering in this dispute, which has been litigated in courts in the Dominican Republic and is pending in an arbitral tribunal in the Dominican Republic. Defendants contend that there already exists extensive litigation and an arbitration arising from the same nexus of operative facts. (DE #42, at 3). Borland filed a lawsuit in the Dominican Republic seeking an order staying all legal effects stemming from the decisions adopted during the Rivera Development Group general shareholders meetings in November and December 2009.[2] (DE #32, at 8). This lawsuit was in aid of an arbitration claim Borland filed seeking a declaration that the acts taken during those shareholder meetings were null and void. *Id.* The lawsuit reached the Dominican Supreme Court of Justice, after going through the

---

[2] It was at these meetings that the Rivera Development Group shareholders allegedly authorized the sale of the Property. (DE #32, at 8).

4

trial court and appellate court. *Id.* at 9. The Dominican Supreme Court of Justice found for Borland, upholding the trial court's order staying the effect of those shareholder meetings. *Id.*; *see also* (DE #32-1). Defendants contend that in order to find for Plaintiff on the tortious interference claim, "this Court would have to necessarily conclude that the Dominican Supreme Court erred." *Id.* Thus, Defendants argue that abstention is proper in the present action.

Abstention is an exception, not the rule, and therefore should not be taken lightly. *Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994). The Eleventh Circuit has identified three factors in determining whether a Court should exercise its discretion and abstain from a case pending the conclusion of parallel international litigation: (1) international comity; (2) fairness to litigants; and (3) efficient use of scarce judicial resources. *Id.* An analysis of these factors leads the Court to find that this case should be dismissed in deference to the Dominican legal proceedings.

### i.     International Comity

First, Defendants argue that the Court should defer to the action in the Dominican Republic based on international comity concerns. (DE #32, at 9). In order to determine whether a court should defer to foreign proceeding, courts consider the following factors articulated by the Eleventh Circuit: (1) whether judgment was entered via fraud; (2) whether the judgment was entered by a competent court; and (3) whether the foreign judgment is prejudicial, in the sense of violating American public policy because it is repugnant to fundamental principles of what is decent and just. *Turner*, 25 F.3d at 1519.

Plaintiff does not argue that the decision was rendered by fraud, or that the Dominican court is not a competent court which follows civilized procedures. The Dominican Republic's legal system "clearly follows procedures that ensure that litigants will receive treatment that satisfies American notions of due process." *Id.* at 1520. Plaintiff acknowledges the existence of the litigation pending in the Dominican Republic that relates to the underlying dispute in the present action.

Furthermore, Plaintiff does not argue that the foreign judgment would violate American public policy. Rather, Plaintiff alleges that the lawsuits in the Domincan Republic are "frivolous." (DE #13, at ¶40). The Dominican courts, however, have found Borland's lawsuit to be meritorious. Indeed, Borland's lawsuit went through the trial court to the appellate court and then up to the Dominican Supreme Court, which found for Borland. Thus, international comity concerns favor this Court's abstention from exercising jurisdiction in the instant case in light of the pending ruling from the Dominican arbitral tribunal.

## ii.     Fairness to Litigants

The second factor the Court considers in determining whether to decline or exercise its jurisdiction is fairness to litigants. With respect to fairness, the relevant factors to consider are: (1) the order in which the suits were filed; (2) the more convenient forum; and (3) the possibility of prejudice to parties resulting from abstention. *Turner*, 25 F.3d at 1521–22. Upon review of the factors, the Court finds that its abstention would not be unfair to the litigants.

First, the lawsuit in the Dominican Republic was filed one year before the instant lawsuit. Second, Plaintiff is a Dominican corporation, the Property is located in the Dominican Republic, and the shareholders meeting occurred in the Dominican Republic. (DE #32, at 10–11). The Plaintiff responds to this by contending that the tortious interference occurred in Florida, as the letters to Brako were written by Defendants on the letterhead of a Florida law firm. (DE #39, at 14). The Court does not find this persuasive. Finally, Plaintiff argues that if this Court dismisses the claim, "Plaintiff would have no recourse thereafter in the Dominican Republic to sue Defendants as the interference occurred within the jurisdictional limits of the State of Florida." *Id.* Plaintiff, however, offers no support or explanation for this statement. The Court cannot agree that abstention in the instant case will foreclose any chance for Plaintiff to obtain a fair and just result in the Dominican Republic. *See Turner*, 25 F.3d at 1522. Therefore, the Court concludes that fairness in this case supports deference to the Dominican proceedings.

### iii. Efficient Use of Scarce Judicial Resources

Finally, Defendants argue that the Court should abstain from exercising jurisdiction because it would be an ineffective use of scarce judicial resources. (DE #32, at 11). To analyze whether the efficient use of scarce juridical resources necessitates abstention, the Court considers the following factors: (1) the inconvenience of the federal forum; (2) the desirability of avoiding piecemeal litigation; (3) whether the actions have parties and issues in common; and (4) whether the alternative forum is likely to render a prompt decision. *Turner*, 25 F.3d at 1522.

The Court has already determined that the Dominican Republic is the more convenient forum. Furthermore, "the desire to avoid piecemeal litigation is also relevant to the convenience of the forum." *Id.* As for the third factor, the actions involve the same parties and have common issues. Plaintiff's tortious interference claim in the above-styled case requires intentional and unjustified interference with Plaintiff's relationship with Brako by the Defendants. *See Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 814 (Fla. 1995) (explaining the elements of a tortious interference claim); *Tamiami Trail Tours, Inc. v. Cotton,* 463 So.2d 1126, 1127 (Fla. 1985). At issue in the Dominican lawsuit was what interest Borland had in the Property, which impacts whether Defendants were privileged to interfere with Plaintiff's relationship with Brako. Thus, the third factor favors abstention. Finally, the Dominican Republic seems likely to render a prompt disposition. As noted by Defendants, "in the course of a year and a half, the Dominican Action has gone from trial court, to the intermediate appellate court, to a final decision of the Supreme Court." (DE #32, at 12). The parties have presented all evidence to the arbitral tribunal and are awaiting the ruling. *Id.* Thus, the Court concludes that concerns regarding judicial efficiency favor dismissing the instant action.

## IV. Conclusion

International comity, fairness, and efficiency all favor deference to the Dominican forum. Finding that abstention is appropriate, this Court will not address Defendants' argument that the tortuous interference claim should be dismissed for failure to state a claim upon which relief can be granted.

After careful consideration and being fully advised by the briefs and memoranda of counsel, it is hereby

**ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendants' Motion to Dismiss Amended Complaint **(DE #32)** be, and the same is, hereby **GRANTED**.

2. This case is **DISMISSED**.

3. The Clerk shall **CLOSE** this case.

4. All other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 17th day of November, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc: All counsel of record**